MEMORANDUM **
Plaintiff Mary Ann Huff appeals the district court’s grant of summary judgment to the City of Portland (“City”) and her supervisor, Zari Santner (“Santner”), on Huffs claims of (1) retaliation under the Oregon Whistleblower Statute, Or.Rev. Stat. § 659A.203, (2) wrongful discharge, and (3) a First Amendment violation pursuant to 42 U.S.C. § 1983. We review the district court’s grant of summary judgment de novo, Gorman v. Wolpoff & Abramson, LLP, 552 F.3d 1008, 1013 (9th Cir.2009), and we affirm.
1. Under Or.Rev.Stat. § 659A.203(l)(b), a public employer may not take disciplinary action against an employee who discloses any information that the employee reasonably believes is evidence of (A) a violation of any federal or state law, rule or regulation, or (B) mismanagement, gross waste of funds, or abuse of authority. Nor may the employer discourage an employee from making such a disclosure. Or.Rev.Stat. § 659A.203(l)(d). Here, regardless of whether Huff made any protected disclosures, she has failed to show that her potentially protected disclosures were in *284 any way connected to later decisions not to rehire or redeploy her.
2. Under Oregon law, “an at-will employee may be discharged at any time for any reason by an employer.” Estes v. Lewis & Clark Coll., 152 Or.App. 372, 954 P.2d 792, 796 (1998). The tort of wrongful discharge is an exception to that rule. Id. “The elements of a wrongful discharge claim are simple: there must be a discharge, and that discharge must be ‘wrongful.’ ” Moustachetti v. State of Oregon, 319 Or. 319, 877 P.2d 66, 69 (1994). Huff failed to show that she was discharged, because she never reapplied for her former position after the City’s Parks and Recreation Bureau was reorganized, and the City had no obligation to redeploy her. Furthercnore, Huff failed to show that the alleged discharge was wrongful because she did not provide evidence that her “protected activity [was] a ‘substantial factor’ in the motivation to discharge” her. Estes, 954 P.2d at 796-97 (citation omitted).
3. To survive a summary judgment motion on her remaining First Amendment claim, Huff must show (A) that she engaged in protected speech, (B) that she suffered from an “adverse employment action,” and (C) that the protected speech was a “substantial or motivating factor for the adverse action.” Marable v. Nitchman, 511 F.3d 924, 929 (9th Cir.2007) (internal citations and quotations omitted). Here, regardless of whether Huff can show that she engaged in protected speech, she failed to show that her speech was a “substantial or motivating factor” in any decision on Santnex'’s part not to rehire or redeploy Huff.
Accordingly, the district court’s order granting summary judgment is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.